IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MALLORY & EVANS CONTRACTORS
AND ENGINEERS, LLC,

      Plaintiff,

v.

CASE NO.:

SHANDS TEACHING HOSPITAL
AND CLINICS, INC., and
TRAVELERS CASUALTY
& SURETY CO. OF AMERICA

      Defendants
_____/

## DEFENDANT TRAVELERS CASUALTY & SURETY CO. OF AMERICA'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446 and Local Rule 7.2 of the Northern District of Florida, Defendant, TRAVELERS CASUALTY & SURETY CO. OF AMERICA ("Travelers") hereby removes this action from the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, to the United States District Court for the Northern District of Florida. The grounds for removal are as follows:

1.    This action arises out of a construction project in Gainesville, Florida, known as the Shands Cancer Center project.

2.    Mallory & Evans Contractors and Engineers, LLC ("Mallory & Evans"), a mechanical subcontractor, filed a claim of lien on the project against its fee simple owner, Shands Teaching Hospital and Clinics, Inc. ("Shands").

1

3. Mallory & Evans brought an action against Shands on this claim of lien in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, Case No. 01-09-CA-3332, Division K (the "State Court Action").

4. The claim of lien was transferred to a bond issued by Travelers on July 24, 2009, pursuant to Section 713.24 of the Florida Statutes.

5. As a result of the transfer to bond, on August 3, 2009, Mallory & Evans named Travelers as a Defendant in an Amended Complaint (the "State Court Complaint").

6. On August 5, 2009, Mallory & Evans removed Shands as a Defendant in a Notice of Dropping Party. Therefore, Travelers is the only Defendant in the State Court Action.

7. In accordance with 28 U.S.C. § 1446(b), a copy of all process, pleadings and orders served upon Travelers in the State Court Action are attached hereto as Exhibit A.

8. Pursuant to the State Court Complaint, Mallory & Evans is a Florida limited liability company with its principal place of business in Scottdale, Georgia.

9. Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

10. The matter in controversy exceeds $75,000, exclusive of interest and costs.

11. In accordance with 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this case. This is a civil action between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs.

12. Travelers has filed this Notice of Removal within thirty (30) days of its receipt of the initial pleading and summons in the State Court Action on July 30, 2009.

13. As Travelers is the only defendant in the State Court Action, it alleges there are no other defendants who have been served in the State Court Action, and accordingly, there are no other defendants who would be required to join in this Notice of Removal.

14. Concurrent with the filing of this Notice of Removal, Travelers has filed a copy of the Notice of Removal with the aforementioned Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

15. Travelers has complied with all procedures set forth in 28 U.S.C. § 1446 and Local Rule 7.2 of the Northern District of Florida.

WHEREFORE, Travelers hereby removes the State Court Action to this Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and a copy has been furnished by facsimile and U.S. Mail to the following: William L. Grant, Shutts & Bowen LLP, 300 South Orange Avenue, Ste 1000, Orlando, Florida 32801, on this 14th day of August 2009.

KIRWIN NORRIS, P.A.

s/ Douglas W. Ackerman
DOUGLAS W. ACKERMAN
Fla. Bar No.: 0115037
338 West Morse Blvd. Ste. 150
Winter Park, FL  32789
Phone: 407-740-6600
Fax:    407-740-6363
Trial Counsel for Travelers

U:\Public\DOCS\523-10014\Pleadings\Drafts\Notice of Removal.doc